Merrill J. Kiser, Appellee, v. Imogene Kiser, Appellant.

Term No. 46F5.

Opinion filed May 6, 1946.   Released for publication May 31, 1946.

SIMON A. ZELDEN, of Chicago, for appellant; RALEIGH M. SHAW, of Lawrenceville, of counsel.

SUMNER & LEWIS, of Lawrenceville, for appellee.

MR. JUSTICE BARTLEY delivered the opinion of the court.

On October 4, 1944, Merrill J. Kiser, plaintiff appellee, hereinafter referred to as appellee, was granted a decree of divorce by the trial court on the grounds of desertion from Imogene Kiser, defendant appellant, hereinafter referred to as appellant. On November 2, 1944, appellant filed a motion to vacate the decree of October 4, 1944, which motion to vacate was heard and denied on May 8, 1945. This appeal is

taken from the decree of divorce entered on October 4, 1944.

The complaint for divorce filed by Merrill J. Kiser on December 26, 1942, charged appellant, Imogene Kiser, with having committed adultery. On January 30, 1943, appellant, after having been served by publication, filed her answer, specifically denying that she was guilty of adultery, and on September 15, 1943, she filed a verified amended answer which was in substance, the same as the answer originally filed, and which included a counterclaim for separate maintenance. On June 16, 1944, appellee filed his answer to the counterclaim for separate maintenance. The cause was set for hearing on October 4, 1944.

When the cause came on for hearing, after a number of terms of court had passed after the return day, neither appellant nor her attorney, who was from out of the State were present in court. The court had received a letter from appellant's attorney which requested an adjournment of the matter, for the reason that the defendant was not physically able to appear in court on that day, and which included a letter from appellant's physician stating that appellant was not physically able to leave her bed; that she was suffering from acute arthritis, being definitely disabled as far as any physical exertion was concerned; that any journey at that time was distinctly and definitely contraindicated. Appellant's counsel's letter was dated October 2, 1944, and the physician's letter was dated September 30, 1944. The court treated the letter as a motion for continuance upon behalf of appellant and denied the same for the assigned reasons, that the motion was not supported by affidavit and the statement of the physician was not under oath.

The cause was then called for hearing and appellee, upon leave being granted by the court, filed an amendment to his complaint, for the first time charging appellant with desertion. The amendment to the

complaint was filed instanter and the court proceeded to hear the evidence in the cause without the appellant's presence or anyone for her, and without any answer to the amendment to the complaint or any rule on the appellant to plead or any order attempting a default. The court then, after hearing the evidence offered by the appellee, entered the decree of divorce as of October 4, 1944, finding the appellant guilty of desertion as charged in the complaint as amended, and without entering any order disposing of the issues made on the countercomplaint.

There are a number of errors assigned by the appellant, among which are: That the trial court erred in not entering a rule upon the appellant to plead or answer to the complaint as amended, and that the court erred in proceeding with the hearing and entering a decree of divorce upon the complaint as amended, without ruling appellant to plead thereto, and without any issue having been joined thereon. If these assignments of errors are well taken, there will be no occasion to consider the other errors assigned. We shall, therefore, now take up the questions raised by these assignments of errors.

Appellee in his original complaint filed on December 26, 1942, alleged that he and appellant were married on December 29, 1928; that there was one child born of the marriage, who was of the age of eleven years at the time of filing the complaint; that appellee refused to live and cohabit with appellant on about November 1, 1939, when he became acquainted with the fact that on the last day of November 1938, at Lawrenceville, Illinois, and at various other times and places, since their marriage, appellant, in utter disregard and in violation of her marriage duties and obligations, committed adultery and had carnal knowledge with one AB, and at divers other times and places, unknown to appellee, committed adultery with the said AB and divers other men; that appellant

became addicted to the excessive use of intoxicating liquors during the years of 1938 and 1939, and did frequent public taverns and become intoxicated and drink promiscuously with strangers; that she was not a fit and proper person to have the care, custody and control of the child born of said marriage, and that he desires to have such custody and control of said child; that said marriage be dissolved and declared null and void.

Appellant filed her answer on January 30, 1943, denying she was guilty of adultery and the other material allegations of the complaint, and stating that custody of the child had been awarded to her by a court of competent jurisdiction. On September 15, 1943, she filed an amended answer, again denying the charge of adultery and the other material allegations of the complaint, and included a counterclaim for separate maintenance, in which she alleged, among other things, that appellee had her committed first to a private sanitarium, and subsequently, to a State institution for the insane; that in November of 1939, through the intercession of members of her family, appellant was released from the State hospital, and at that time, appellee suggested that appellant go to Milwaukee, Wisconsin, to her people for recuperation; that appellee would go to New York (his place of business) and would make all the necessary arrangements for a place to live in and would reunite the family in the State of New York; that in reliance upon his promise, appellant, accompanied by her sister, went to Milwaukee in November 1939, and since then has never seen or directly heard from appellee; that all the time since November 1939, appellee has steadfastly refused and neglected to pay any money toward the support and maintenance of appellant.

Appellee, in his answer filed on June 16, 1944, to the counterclaim of appellant for separate maintenance, alleges that through the advice of a reputable

physician, he spent a considerable sum of money and put her in the Norbury Institute at Jacksonville, Illinois, where she underwent treatment for her mental and nervous condition; that afterwards the physician at the Institute had her committed to a State institution at Jacksonville, for the reason that appellee was not financially able to continue paying for such treatment at the Norbury Institution; that appellee admits that appellant was released from the State hospital in November of 1939; that she went to Milwaukee to visit her parents, but denies that he, at any time, promised appellant to reunite the family, because it came to his knowledge that appellant was guilty of the conduct charged in appellee's complaint.

Appellant and appellee were at issue on the original complaint on the charge of adultery. Upon the filing of the amendment to the complaint by the appellee, a new and distinct issue was presented, *i.e.,* the charge of desertion. The trial court failed to require the appellant to plead or answer to the amendment filed, and no issue was joined on the complaint as amended nor it in any way obviated. Because of this new issue presented, the trial court could not properly proceed to hear the cause made by it without first ruling the appellant to plead to it. (*Gage v. Brown,* 125 Ill. 522, 523; *Adams v. Gill,* 158 Ill. 190, 193; *Noll v. Peterson,* 338 Ill. 552, 572; *Bauer Grocer Co. v. Zelle,* 172 Ill. 407, 413.) The statutory ground of divorce for adultery is one thing and the statutory ground of divorce for desertion is another. Appellant was entitled to an opportunity to answer and be heard on the issue of desertion. (*Noll v. Peterson,* 338 Ill. 552, 572.) The trial court should have ruled the appellant to plead or answer to the complaint as amended, within a certain time, and upon the failure of the appellant to so plead or answer, within the time given, if appellant so failed to plead or answer, an order of default should have been entered against

the appellant before the cause proceeded to a hearing.

The decree of the trial court entered on October 4, 1944, is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded with directions.*

STONE, P. J., and CULBERTSON, J., concur.