BETHANY REFORMED CHURCH OF LYNWOOD, Plaintiff-Appellee and Cross-Appellant, *v.* HARRY J. HAGER, Defendant-Appellant and Cross-Appellee.

First District (3rd Division)   No. 78-166

Opinion filed January 31, 1979.

Lev & Sneckenberg, of Chicago (Ronald A. Lev and William J. Sneckenberg, of counsel), for appellant.

Block, Levy & Becker, of Chicago (Alvin R. Becker and Stephen Taylor, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

The question raised by the defendant's appeal is whether the trial judge exercised his discretion properly in denying the request of the defendant Harry Hager for a continuance. The defendant's motion was based on the defendant's alleged illness and consequent inability to testify in an eviction proceeding brought against him by the plaintiff.

This action was instituted under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 57, par. 1 *et seq.*), by the plaintiff, Bethany Reformed Church of Lynwood (the Church), to evict the defendant from its pastoral residence, or manse, in Lynwood. The Church claimed that the defendant, who had been its pastor for over 45 of his 78 years and had lived in various manses it had provided during that time, was not entitled to remain in the house because his right of possession was derived from his status as the Church's pastor, and this status was terminated on November 23, 1975.

The trial of this matter was scheduled to commence on January 10, 1978. On that day the defendant filed a written motion for a continuance

under Supreme Court Rule 231. (Ill. Rev. Stat. 1977, ch. 110A, par. 231.) Attached to that motion were two supporting affidavits. The first, signed by the defendant, stated that he had been ordered to enter a hospital in Michigan City, Michigan, beginning January 7, where, because of impaired hearing, he was to remain under a named physician's care for an indefinite time. The second affidavit, executed by defense counsel, stated that his client's appearance at trial was impossible for medical reasons. The attorney's affidavit also contained the statement that the defendant's testimony regarding his contractual right to possession of the manse was critical to his case, and that within a month the defendant would be healthy enough to appear and testify at trial.

The copy of the defendant's affidavit received prior to January 10 by the plaintiff contained the name of a different physician, and it placed the hospital where the defendant was to be confined in St. Joseph, Michigan, instead of Michigan City, Michigan. Consequently, the plaintiff's attorneys filed two affidavits attesting that there was no such hospital as that named by the defendant in St. Joseph, Michigan, and that the doctor named in the affidavit they received never ordered the defendant into the hospital.

In response, on January 10, 1978, the defendant's attorney corrected the record to show that the defendant was a patient in a hospital in Michigan City, Indiana, rather than in Michigan City, Michigan, or St. Joseph, Michigan, and to give the proper name of the hospital. The attorney explained this discrepancy, but no explanation was given for the discrepancy in physicians' names on the affidavit received by the plaintiff's counsel, compared to the one filed in court.

After commenting that the defendant's affidavit did not indicate that the defendant had any knowledge of his contractual right to remain in the pastoral residence, and adding that no copy of the contract between the Church and the defendant had been filed, the trial judge denied the motion for a continuance. Trial then began before a jury over the defendant's counsel's objections. During that trial, the testimony of a person who visited the defendant in the hospital, as well as two photographs of the defendant in his hospital bed, were offered for submission as evidence, but were rejected by the trial judge. And an offer of proof was made concerning the witness' knowledge of the defendant's illness and need for further hospitalization. On the second day of the trial, the Church's motion for a directed verdict was granted, and a judgment was entered in favor of the Church. This appeal followed.

Supreme Court Rule 231(b) provides:

"(b) When Continuance Will Be Denied. If the court is satisfied that the evidence would not be material, or if the other party will admit the affidavit in evidence as proof only of what the absent

witness would testify to if present, the continuance shall be denied unless the court, for the furtherance of justice, shall consider a continuance necessary." (Ill. Rev. Stat. 1977, ch. 110A, par. 231(b).)

A motion for a continuance is directed to the sound discretion of the trial court (*Leathers v. Leathers* (1958), 13 Ill. 2d 348, 148 N.E.2d 773; *Westlake v. Moffitt* (1975), 30 Ill. App. 3d 597, 334 N.E.2d 198), but an appellate court can and should overrule a trial court's exercise of that discretion if it is not exercised judiciously. *Vollentine v. Christoff* (1974), 24 Ill. App. 3d 92, 321 N.E.2d 49; *Reecy v. Reecy* (1971), 132 Ill. App. 2d 1024, 271 N.E.2d 91.

The record here established that the defendant had been pastor of the Church since 1929. According to the Church's constitution, the congregation was required to provide housing for its pastor. The Church provided the defendant with such housing for approximately 45 years. Shortly after the defendant moved into a home the Church purchased in 1975, the Church began attempting to terminate the defendant as pastor, and in June 1975 requested his resignation. Though the Church claimed that the defendant signed a dissolution of his pastoral employment in July 1975, the defendant asserted that he resigned only under protest. Accordingly, the defendant refused to vacate the premises, also maintaining that he was entitled to possession under a contract that had existed since 1929. And at trial his attorney attempted to offer in proof a form of the contract used by the Church, and informed the court that the defendant, if available, would testify as to the origin of the contract and supply information called for by certain blank spaces in the contract form.

Under these circumstances, we believe that the trial judge abused his discretion in denying the defendant's motion for a continuance. It appears that the defendant's testimony would have been material, as required by Supreme Court Rule 231(b), to the issue of whether the defendant had a contract entitling him to remain in possession of the manse, as well as to the issue of the terms of that contract. And the delay sought by the defendant was not onerously long; according to his attorney's affidavit, the defendant would have been prepared to testify in his own behalf within a month at most. This distinguishes *Westlake v. Moffitt*, where a defendant under a physician's care was denied his motion for a continuance for an unspecified time period.

Further, a critical consideration in deciding whether a continuance should be granted is whether the moving party has proceeded with diligence. (*Duran v. Chicago & North Western Ry. Co.* (1975), 26 Ill. App. 3d 645, 325 N.E.2d 368; *Parker v. Newman* (1973), 10 Ill. App. 3d 1019, 295 N.E.2d 503.) The Church points out that the defendant received

three continuances, and filed a late jury demand. Nevertheless, in our judgment, this was not a lack of due diligence justifying denial of the defendant's motion for a continuance. The Church's complaint was filed on October 6, 1977, but the first date on which the case was set for trial was December 8, 1977. It was only 1 month later when the trial court entered judgment against the defendant. Thus, whatever delays were occasioned by the defendant were minimal; and they did not significantly delay the litigation.

More is at stake here than a legalistic point of civil procedure; we also are dealing with a fundamental legal right, and a fundamental human concern as well. We are deciding upon a citizen's right to appear in court on the crucial issue of whether he is entitled to remain in possession of his home in a situation where the Church had assumed the obligation to provide him with housing for the previous 45 years. Where, as here, the defendant's request for a continuance was that of a 78-year-old man, based on his inability to appear because of an illness serious enough to require his hospitalization, we agree with the view expressed in *Vollentine*, at page 96:

> "[N]o litigant should be foreclosed of his right of a day in court merely because circumstances beyond his control impel his request for a continuance."

And this is especially true because here, there was no question that the defendant was in fact hospitalized during his trial. It is worth noting that the Church did not deny that the defendant was hospitalized in Michigan City, Indiana, when the trial began. And if this fact had been disputed, the trial judge easily could have resolved the difficulty by requesting the attorneys for the parties to call the hospital there to ascertain whether the defendant was a patient. The absence of a key witness or attorney has on numerous occasions been held sufficient justification for granting a continuance if the absence is caused by the person's illness, or even by the illness of a member of the person's immediate family. (See *Reecy v. Reecy* and *Nowaczyk v. Welch* (1969), 106 Ill. App. 2d 453, 245 N.E.2d 894 (attorney's illness); *Ullmen v. Department of Registration & Education* (1978), 67 Ill. App. 3d 519, 385 N.E.2d 58 (attorney's wife's illness); *Yelm v. Masters* (1967), 81 Ill. App. 2d 186, 225 N.E.2d 152 (witness' illness).) And in *Heideman v. Kelsey* (1954), 3 Ill. App. 2d 189, 121 N.E.2d 45, the court held that it was error to deny a continuance when the plaintiff was unable to appear because of her daughter's illness.

We are aware of other cases involving different factual settings where the reviewing courts of this State have upheld denials of continuances when parties have alleged that they were unable to appear for medical reasons. See, *e.g., Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d

327, where the affidavit failed to detail the nature of the party's illness, or the hospital where he was being treated, and where, after the denial of the requested continuance, the party did appear at trial. Here, the court was advised by way of valid affidavits of the nature of the illness of the moving party, the identity of his physician, the name of the hospital where the moving party was confined, and of a definite and reasonable time for the continuance. This information would have been corroborated by witnesses who the trial judge, during the brief trial, did not permit to testify. Under these circumstances, either a continuance should have been granted or a mistrial declared, so that a trial could be commenced with the defendant present. Little harm could accrue to the Church from a month's delay in resolving whether it had a legal right to terminate an arrangement under which it had supplied the defendant with housing accommodations for 45 years. Thus, under the facts of this case, the defendant's illness should not have precluded him from appearing in court on his own behalf, when he properly requested a continuance.

Judgment reversed and cause remanded for further proceedings.

McNAMARA and JIGANTI, JJ., concur.