# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Campana Redevelopment, LLC v. Ashland Group, LLC, 2013 IL App (2d) 120988**

---

| | |
|---|---|
| Appellate Court Caption | CAMPANA REDEVELOPMENT, LLC, Plaintiff-Appellee, v. ASHLAND GROUP, LLC, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0988 |
| Filed | July 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a forcible entry and detainer action involving an industrial-space lease, the portion of the trial court's order awarding plaintiff the unamortized improvement costs that defendant was to repay in installments with future rent was vacated, since the Forcible Entry and Detainer Act only allows plaintiff to join a claim for past-due rent to the action for possession of the premises and plaintiff's claim for the improvement costs was not germane to the issue of possession, especially when the rent payments in which the improvement costs were to be included were not past due at the time of the trial court's order. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 11-L-720; the Hon. Edward C. Schreiber, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |

Counsel on
Appeal

Joseph P. Berglund, of Berglund, Armstrong & Mastny, PC, of Oak Brook, for appellant.

Scott G. Richmond, of Ariano Hardy Ritt Nyuli Richmond Lytle & Goettel, of South Elgin, for appellee.

Panel

JUSTICE BIRKETT delivered the judgment of the court, with opinion.

Justices McLaren and Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Campana Redevelopment, LLC, filed a complaint in forcible entry and detainer against defendant, Ashland Group, LLC.[1] The trial court granted possession to plaintiff and entered judgment for plaintiff in the amount of $267,600.21, plus $470.84 in costs and $2,044 in attorney fees. Following the denial of its motion for reconsideration, defendant timely appealed. On appeal, defendant argues that the court erred in awarding plaintiff $119,495.74 in unamortized improvement costs, which plaintiff had provided to defendant and which defendant was to repay in installments included in future rent payments. For the reasons that follow, we vacate the court's award of $119,495.74 but otherwise affirm.

¶ 2                                   I. BACKGROUND

¶ 3    On December 17, 2008, plaintiff and defendant entered into an industrial-space lease (the lease) for premises located at 301 W. Fabyan Parkway in Batavia. Pursuant to Exhibit C of the lease, plaintiff provided defendant with an improvement allowance of $153,700. Exhibit D of the lease provided that "[plaintiff's] contribution to [defendant's] build-out costs has been amortized over a ten (10) year period and included in [defendant's] rent accordingly."

¶ 4    The lease had an initial three-year term of April 1, 2009, through March 31, 2012, with the following monthly rent schedule:

April 1, 2009, through March 31, 2010: $9,213.67

April 1, 2010, through March 31, 2011: $9,426.17

April 1, 2011, through March 31, 2012: $9,652.83.

The lease also contained four three-year option periods, which, if exercised, would have extended the term through March 31, 2024. With respect to the first three-year option period

---

[1]The complaint also named as defendants Vito Brandonisio and the Brandonisio Family Trust. However, those parties were dismissed without prejudice on March 8, 2012.

(April 1, 2012, through March 31, 2015), the lease provided as follows:

"If [defendant] does not exercise its option to extend the term, in addition to any other amounts it may owe hereunder, it will pay to [plaintiff] no later than March 31, 2012[,] a non-renewal fee equal to One Hundred Twenty-Two Thousand Three Hundred Fifty and 00/100 dollars ($122,350.00) representing the unamortized cost of its Improvements at the end of the initial Lease term ***."

The lease further provided:

"If the Lease is terminated *** because [defendant] is in default or early by [defendant] for any reasons, whether or not the term has been renewed, [defendant] will pay to [plaintiff] a termination fee equal to the unamortized cost of its Improvements ***."

¶ 5 On November 10, 2011, plaintiff sent defendant a five-day notice to pay rent. According to the notice, $58,064.71 in rent was due for a portion of June 2011 and for July through November 2011. A second notice was sent on November 23, 2011. A third notice was sent on December 9, 2011. The third notice sought $69,424.88 in rent and, in addition, advised defendant that, if the lease were terminated, the unamortized portion of the costs of improvements ($131,086.24) would become immediately due and payable.

¶ 6 On December 27, 2011, plaintiff advised defendant as follows:

"You are hereby notified that in consequence of your default, that being the non-payment of rent for the premises *** I have elected to terminate your lease, and you are hereby notified to quit and deliver up possession of the same to me within ten days of the date of this letter."

¶ 7 On December 28, 2011, plaintiff filed a complaint in forcible entry and detainer against defendant, alleging that defendant was unlawfully withholding possession of the premises and was indebted to plaintiff in the sum of $201,493.10 "for rent and other charges plus attorneys fees and costs."

¶ 8 On May 24, 2012, following a "trial or hearing," the trial court entered judgment for plaintiff in the amount of $267,600.21, plus $470.84 in costs and $2,044 in attorney fees.[2] According to plaintiff's brief, its manager, Frank Mares, was the only person to testify. Plaintiff's Exhibit 4 established the basis for the $267,600.21 award:

| | |
|---|---|
| Rent due upon March 31, 2012, lease expiration: | $109,451.51 |
| Estimated rent due for holdover tenancy through June 24, 2012: | 38,652.96 |
| Estimated unamortized balance of improvements through June 24, 2012: | 119,495.74 |
| | $267,600.21 |

The court stayed execution until July 1, 2012. According to plaintiff's brief, the court "determined that the unamortized improvement costs were a part of rent."

¶ 9 Defendant filed a motion for reconsideration, arguing that, although section 9-209 of the

---

[2]The record in this case consists of only the common-law record. Neither party filed a transcript from the "trial or hearing" or an appropriate substitute under Illinois Supreme Court Rule 323 (eff. Dec. 13, 2005).

Forcible Entry and Detainer Act (the FED Act) (735 ILCS 5/9-209 (West 2010)) permits a landlord to join a claim for past-due rent, the unamortized improvement costs were not past due and, further, were not rent. In response, plaintiff argued that, under the lease, defendant agreed to pay the unamortized improvement costs if the lease options were not exercised, the unamortized improvement costs were to be built into the rent payments over the course of the lease, and defendant's failure to pay rent was a default that accelerated the unamortized improvement costs.

¶ 10    On August 9, 2012, following a hearing on defendant's motion for reconsideration, the court denied the motion.[3] Defendant timely appealed.


¶ 11                                    II. ANALYSIS

¶ 12    Defendant argues that the plain language of the FED Act does not allow for a landlord to collect anything other than past-due rent and, further, that plaintiff's claim to the unamortized improvement costs is not germane to the issue of possession. We agree.

¶ 13    "The purpose of the [FED Act] is to provide a speedy remedy to allow a person who is entitled to the possession of certain real property to be restored to possession." *Wells Fargo Bank, N.A. v. Watson*, 2012 IL App (3d) 110930, ¶ 14. It is "a limited proceeding, focusing on the central issue of possession." *American National Bank v. Powell*, 293 Ill. App. 3d 1033, 1044 (1997). "The only questions that are to be answered in such a proceeding concern which party is entitled to immediate possession and whether a defense that is germane to the distinctive purpose of the action defeats plaintiff's asserted right to possession." *Subway Restaurants, Inc. v. Riggs*, 297 Ill. App. 3d 284, 287 (1998).

¶ 14    Nevertheless, under section 9-209 of the FED Act, the landlord may couple the claim for possession with a claim for unpaid rent. Section 9-209 provides as follows:

"Demand for rent–Action for possession. A landlord or his or her agent may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than 5 days after service thereof, the lease will be terminated. If the tenant does not within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended, and sue for the possession under the statute in relation to forcible entry and detainer, or maintain ejectment without further notice or demand. A claim for rent may be joined in the complaint, and a judgment obtained for the amount of rent found due, in any action or proceeding brought, in an action of forcible entry and detainer for the possession of the leased premises, under this section.

Notice made pursuant to this Section shall, as hereinafter stated, not be invalidated by payments of past due rent demanded in the notice, when the payments do not, at the end of the notice period, total the amount demanded in the notice. The landlord may, however, agree in writing to continue the lease in exchange for receiving partial payment.

---

[3]The record does not contain a transcript of the hearing or an acceptable substitute under Rule 323.

To prevent invalidation, the notice must prominently state:

> 'Only FULL PAYMENT of the rent demanded in this notice will waive the landlord's right to terminate the lease under this notice, unless the landlord agrees in writing to continue the lease in exchange for receiving partial payment.'

> Collection by the landlord of past rent due after the filing of a suit for possession or ejectment pursuant to failure of the tenant to pay the rent demanded in the notice shall not invalidate the suit." 735 ILCS 5/9-209 (West 2010).

The parties agree that the issue of whether the trial court properly awarded the unamortized improvement costs is a question of law that should be reviewed *de novo*, as it requires us to construe the language of the statute and of the lease. See *Alvarez v. Pappas*, 229 Ill. 2d 217, 220 (2008) (interpretation of a statute); *NutraSweet Co. v. American National Bank & Trust Co. of Chicago*, 262 Ill. App. 3d 688, 694 (1994) (interpretation of a lease).

¶ 15    Plaintiff argues that the trial court properly determined that the unamortized improvement costs were rent under the lease. According to plaintiff, under Exhibit D of the lease, the costs were "specifically included as a component of rent over the first 10 years of the Lease." Plaintiff relies on *American Management Consultant, LLC v. Carter*, 392 Ill. App. 3d 39 (2009). In *Carter*, the court in *dicta* suggested that, although utility payments were not specifically designated as rent in the parties' lease, the landlord could recover the amounts due in an action under the FED Act. *Id.* at 47-48. While *Carter* certainly supports the trial court's award of the amortized improvement costs in the *past-due* rent that was awarded through June 24, 2012, we fail to see how it supports the award of the unamortized improvement costs, as the rent payments in which they were included were not past due at the time of the award. Neither *Carter* nor the plain language of the FED Act allows for the award of rent not yet due.

¶ 16    Nevertheless, plaintiff argues that the issue of the recovery of the unamortized improvement costs was "germane" to the issue of possession. Section 9-106 of the Act provides:

> "The defendant may under a general denial of the allegations of the complaint offer in evidence any matter in defense of the action. Except as otherwise provided in Section 9-120 [involving leased premises used in furtherance of a criminal offense], no matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise. However, a claim for rent may be joined in the complaint, and judgment may be entered for the amount of rent found due." 735 ILCS 5/9-106 (West 2010).

Claims that are germane to the issue of possession generally fall into one of four categories: (1) claims asserting a paramount right to possession; (2) claims denying a breach of the agreement on which the plaintiff bases the right to possession; (3) claims challenging the validity or enforceability of the agreement; and (4) claims questioning the plaintiff's motivation for bringing the action. *Avenaim v. Lubecke*, 347 Ill. App. 3d 855, 862 (2004).

¶ 17    Relying on the supreme court's definition of "germane" as " 'closely allied; closely related, closely connected; *** appropriate' " (*Spanish Court Two Condominium Ass'n v. Carlson*, 2012 IL App (2d) 110473, ¶ 20 (quoting *Rosewood Corp. v. Fisher*, 46 Ill. 2d 249,

256 (1970))), plaintiff argues that the improvement costs were directly related to possession, because but for the improvement costs defendant would not have been able to occupy the premises. However, although that might be true, the issue is whether the unamortized improvement costs were related to plaintiff's right to possession under the FED Act. The basis of plaintiff's claim to possession was defendant's failure to pay past-due rent. The basis of the claim had nothing to do with defendant's payment of the unamortized improvement costs, which were included in rent not yet due.

¶ 18　　　Plaintiff also argues that, because defendant failed to exercise its option to extend the lease on March 31, 2012, the lease expired, and thus plaintiff was entitled to recover the unamortized improvement costs. However, whether plaintiff was entitled to recover the unamortized improvement costs is not the issue; the issue is whether plaintiff was entitled to do so under the FED Act. It was not.

¶ 19　　　　　　　　　　　　　　III. CONCLUSION

¶ 20　　　Based on the foregoing, we vacate the court's order to the extent that it awarded $119,495.74 in unamortized improvement costs, and we otherwise affirm.

¶ 21　　　Affirmed in part and vacated in part.