*In re* MARRIAGE OF PAUL L. STONE, Petitioner-Appellee, and ANNET HLAVNA STONE, n/k/a Annet Hlavna Stein, Respondent-Appellant.

Fourth District   No. 4—86—0768

Opinion filed July 21, 1987.

Arthur M. Lerner, of Greaves, Lerner & Kirchner, of Champaign, for appellant.

Glenn Fuller, of Decatur, for appellee.

JUSTICE KNECHT delivered the opinion of the court:
This matter concerns modification of a custody and visitation

agreement entered into by the parties May 25, 1984, and approved by the circuit court of Jersey County on August 2, 1984. On March 31, 1986, petitioner, Paul L. Stone (Paul), filed in Moultrie County circuit court a petition to establish the custody judgment as a Moultrie County judgment pursuant to section 511 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 511). The judgment was subsequently modified during proceedings at which respondent, Annet Hlavna Stone, n/k/a Annet Hlavna Stein (Annet), did not appear, although she was personally served with summons. Following the denial of her post-judgment motions, Annet appeals from the order establishing judgment. She raises issues relating to whether the custody agreement constituted a judgment and whether the Moultrie County court had personal jurisdiction over her.

Extensive proceedings occurred in Moultrie and Jersey Counties relating to the same custody agreement. Details of matters pursued in Jersey County will be discussed only to the extent that they bear on Moultrie County proceedings.

The marriage of the parties was dissolved pursuant to a judgment of dissolution of marriage filed and entered by the circuit court of Jersey County on December 28, 1981. The decision reserved child custody, child support, and property issues. It should be noted the parties resided in Moultrie County prior to their divorce. On May 25, 1984, Paul and Annet entered into an agreement concerning child custody and other child-related matters. The agreement provided for joint custody. It also provided that the three minor children would reside with Paul during the school year, and with Annet during summer vacation. The agreement also allowed Annet physical custody of the children every other weekend during the school year, and the same right of custody to Paul during the children's summer vacation with Annet. The agreement shows the notation "approved August 2, 1984," with the judge's signature beneath. The agreement was filed in the Jersey County circuit clerk's office August 2, 1984. The circuit clerk's docket entry for August 2 shows: "Agreeme[nt] Concerning Child Custody and Other Child Related Matters filed and approved."

On November 14, 1985, the Jersey County circuit court rendered its decision relating to child support and property rights. The decision stated "[i]n May of 1984, the parties agreed on custody of the three children of the marriage now aged 14, 12, and 8 (soon to be 9). The matters now before the court concern determination of marital property, values of property, division of property, debts, and support of children."

At the time the instant proceedings took place, Annet lived in

Missouri, while Paul and the minor children remained in Moultrie County. Annet subsequently sought enforcement of certain child custody provisions in Jersey County circuit court. On March 24, 1986, she filed a petition for rule to show cause and for attorney fees relating to Paul's alleged denial of visitation rights specified in the custody agreement.

On March 31, 1986, in Moultrie County circuit court, Paul filed a petition to establish judgment pursuant to section 511 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 511). Attached to the petition were copies of the Jersey County dissolution order dated December 28, 1981, and the parties' custody agreement filed and approved by the Jersey County court on August 2, 1984. A copy of the November 14, 1985, decision was not attached. On March 31, Paul also filed petitions to modify the child custody agreement and to modify Annet's visitation rights. Annet was personally served with summons.

Proceedings continued in Jersey County relating to the custody agreement. Paul's motion to transfer venue with respect to the petition for rule to show cause was denied April 29, 1986. The court noted that although the dissolution occurred in 1981, the property issue was still pending on appeal. The court stated it had the authority under section 512 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 512) to transfer a custody matter to the circuit in which the minor children resided; however, Paul had not "shown any good reason why the issue should be decided by the circuit court of Moultrie County." It pointed out "[t]he parties chose to file and proceed in Jersey County." The petition for rule to show cause was continued and apparently was never ruled upon.

The Moultrie County circuit court granted Paul's petitions May 29, 1986. Neither Annet nor her counsel appeared at the hearing. The court ordered establishment of the dissolution judgment and child custody agreement in Moultrie County effective March 31, 1986. The court reduced Annet's visitation with all the children to one weekend per month during the school year and reduced her summer visitation with the oldest child to one month. The court did not otherwise alter the joint custody agreed upon by the parties. The docket entry for May 29 stated "[w]ritten order to be filed." Written orders were filed July 7, 1986.

On June 26, 1986, Annet filed a motion to set aside the orders in Moultrie County circuit court. Annet stated certain matters relating to the children were pending in Jersey County and her failure to appear at the May 29 hearing was "solely related" to Moultrie County's lack of jurisdiction to decide the issues. The petition stated Annet's

appearance was for the "sole, exclusive and limited purpose of contesting the jurisdiction and venue of the Moultrie County circuit court."

Paul filed a second petition to modify child custody July 14, 1986, alleging a change of circumstances since the entry of the previous modification order on July 7. Paul asked the court to award him sole custody of the three minor children. On July 14 Paul also filed a petition to construe judgments and two petitions for adjudication of indirect criminal contempt concerning Annet's alleged violations of the July 7 modification order.

Proceedings in Jersey County continued. Annet filed a second petition for rule to show cause on July 15, 1986, alleging violations of the original custody agreement. Paul filed a motion to transfer venue on July 22. An order was entered requiring Paul to appear August 6 to show cause why he should not be held in contempt.

On July 24, 1986, a hearing was held in Moultrie County on Annet's motion to set aside the July 7 order establishing judgment and the order modifying custody. Certified copies of the custody agreement, order dated November 14, 1985, and the Jersey County court's docket sheet were filed with the court. On that date Annet filed a supplement to the motion to set aside, contending the original child custody agreement was not a judgment.

The court noted Annet failed to object to venue in Moultrie County within the time in which she was allowed to answer under section 512(d) of the Act. (Ill. Rev. Stat. 1985, ch. 40, par. 512(d)). It ruled the Moultrie County circuit court had personal jurisdiction over Annet by having her served with summons.

The court concluded that as a written order was not subsequently requested and no matters were reserved by the trial judge, the parties' agreement signed by the Jersey County judge was a judgment and was properly enrolled in Moultrie County. The court then denied Annet's motion to set aside. Paul's counsel was asked to prepare a written order. Annet's supplemental motion was kept on file pending notice of hearing.

In an additional proceeding that same day, the court considered Paul's petition to construe judgments. Annet's counsel objected that the court lacked jurisdiction because the affidavit of service of summons on Annet did not comply with the statute. The court ordered counsel to put the objections in writing. On July 29, 1986, Annet filed a document entitled "additional objections to the registration of judgment" alleging service was not in compliance with sections 2—203 and 2—208 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch.

110, pars. 2—203, 2—208) because the return did not identify her sex and age, failed to state the exact place of service, and did not include a statement that the person who served the summons was over the age of 18 and not a party to the action.

A motion to further reconsider and to declare registration of judgment and subsequent orders void was filed by Annet in Moultrie County on August 18, 1986. The motion stated that a panel of this court in case No. 4—86—0090, relating to property rights and child support, had dismissed the appeal, ruling that the November 14, 1985, Jersey County order was not a final judgment. Annet asked the Moultrie County circuit court to vacate its order establishing the Jersey County judgment. We note that the appeal in 4—86—0090 was reinstated October 10, 1986.

In Jersey County, Annet filed a petition August 20, 1986, requesting that the May 25, 1984, custody agreement be voided because it was obtained by fraud and duress. The petition also requested sole custody of the minor children. In Moultrie County on August 20, 1986, Paul petitioned to amend the return of summons, submitting an affidavit. The affidavit furnished details allegedly missing from the original return. Annet filed an objection to that petition September 4.

On September 8, the Moultrie County circuit court issued its written order denying Annet's motion and supplemental motion to set aside the July 7 orders establishing judgment and modifying visitation. The court stated that Moultrie County circuit court had subject matter jurisdiction pursuant to the Illinois Constitution. It found Moultrie County acquired personal jurisdiction over Annet by service of summons. Annet waived any venue objections by failing to object within the time allowed to answer. The court also found Moultrie County was a court of proper venue under section 512(a) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 512(a)), as Annet lived in Missouri and Paul and the minor children lived in Moultrie County. The court concluded since a written order was signed by a judge before whom the case was presented, all issues were disposed of and no matters were reserved, a final judgment had been rendered in Jersey County.

A motion to reconsider the order establishing judgment was filed by Annet on September 23 in Moultrie County, arguing that the service of summons on her was defective because the return was incomplete. She stated a previous appeal relating to other issues in the Jersey County matter were dismissed by a panel of this court because the Jersey County judgment was not final.

On October 31, 1986, the Moultrie County circuit court denied Paul's motion to amend return of summons but considered the affida-

vit as additional proof of service. The court also denied Annet's August 18 motion for further reconsideration. No written order was requested.

Annet filed her notice of appeal November 12, 1986. The document states that the order appealed from was Judge Shonkwiler's order allowing registration of "a judgment from another county to Moultrie County of a dissolution pending in the other county."

On appeal, Annet argues that the May 25, 1984, custody agreement was not a judgment, Moultrie County lacked personal jurisdiction, and the custody agreement could not be modified during the pendency of an appeal of other dissolution-related matters. We reach only the first issue as we conclude the appeal was not timely filed and must be dismissed.

The record shows the parties' custody agreement of May 25, 1984, was approved by the Jersey County judge on August 2, 1984. The judge's approval is noted on the document itself and on the court's docket sheet. It is apparent the order entered November 14, 1985, by the circuit court of Jersey County reserved child support matters. However, that reservation was extinguished pursuant to the court's order on December 27, 1985, from which the parties subsequently appealed in No. 4—86—0090. Any defect in pleading resulting from Paul's failure to attach a copy of the November 14, 1985, decision to his petition to establish was cured July 24 when a certified copy of the Jersey County decision was filed. We conclude the May 25, 1984, custody agreement constituted a final judgment as of August 2, 1984, the date the court approved it.

The oral denial of Annet's motion to set aside on May 29 was followed by a request for a written order. The written order, entered May 30, was filed July 7, 1986. Under Supreme Court Rule 272 (87 Ill. 2d R. 272) the order was final July 7. Therefore, Annet's June 26 motion to set aside the order establishing judgment and modifying custody was premature, as the order was not yet final on June 26.

Annet's supplemental motion to set aside judgment filed on July 24 was timely. This motion, along with the June 26 motion to set aside, was denied by the Moultrie County circuit court on September 8.

Annet's subsequent motions filed August 18 and September 23 are barred by the supreme court's decision in *Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610, in which the court ruled that successive post-judgment motions are impermissible when the second motion is filed more than 30 days after the judgment or any extension of time allowed for the filing of the post-judgment motion. In the in-

stant case the order establishing judgment was filed on July 7. The additional motions filed August 18 and September 23 were not within the 30-day period following the July 7 order. The record does not indicate that any extensions of time were granted.

■■ The supreme court, in *In re Marriage of Uphoff* (1983), 99 Ill. 2d 90, 95-96, 457 N.E.2d 426, 428, held that the 30-day period for filing a notice of appeal runs after the court has disposed of the last timely post-trial motion. Under this rationale, the 30-day period for filing notice of appeal ran from September 8, 1986. Annet's notice of appeal from the order establishing judgment was filed November 12, 1986, more than 30 days after the court disposed of the last pending post-trial motion. Therefore, the appeal in this case was not timely filed and we have no jurisdiction to hear it.

While we have no jurisdiction to hear the appeal, we choose to comment on the course of this litigation. Section 104 of the Act is not a meaningless direction. This dissolution should have been filed in Moultrie County, but the parties chose to file and proceed in Jersey County, apparently for convenience or to avoid publicity. A Jersey County circuit court was thus called upon to resolve the rights of a Missouri respondent, a Moultrie County petitioner and three minor children who were residents of Moultrie County.

This choice by the parties has resulted in appeals from both counties, which are approximately 100 miles apart; a myriad of motions in both trial courts; a record which can be read only with a calendar close at hand to follow the chronology; an unseemly jockeying for position and a waste of judicial resources.

Such jurisdictional disputes, and the inconvenience and confusion which follow, are the frequent aftermath of choosing a "convenient" forum which has absolutely nothing to do with the marital domicile, the residence of the parties and the residence of the children. Accordingly, the appeal is dismissed.

Dismissed.

SPITZ, P.J., and LUND, J., concur.