NOTICE

Decision filed 08/21/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250060-U

NO. 5-25-0060

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| BRETT WOKER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Piatt County. |
| | ) | |
| v. | ) | No. 20-F-17 |
| | ) | |
| AMANDA McGILES, | ) | Honorable |
| | ) | Dana C. Rhoades, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Presiding Justice McHaney and Justice Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where petitioner was granted an increase in parenting time after respondent was defaulted for failing to appear at the hearing, it was not an abuse of discretion for the circuit court to vacate the default entry and require the matter to proceed to hearing on the merits.

¶ 2    Petitioner, Brett Woker, successfully obtained a modification of his parenting time by default following the failure of respondent, Amanda McGiles, and her attorney to appear at the hearing due to an error in calendar scheduling. Subsequently, McGiles filed a motion to set aside the default judgment, which was granted after a hearing. Woker appeals[1] the vacatur of the default

_____

[1]This appeal is expedited in accordance with Illinois Supreme Court Rule 311(a) (eff. July 1, 2018), with an order due July 3, 2025. However, pursuant to Rule 311(a)(5), we have good cause for issuing a delayed decision, as Woker requested two extensions to submit a brief and was served with a rule to show cause for his failure to submit one. Woker ultimately filed his brief on July 1, 2025.

judgment, asserting that respondent's attorney's mis-calendaring of the hearing date does not constitute sufficient grounds to set aside a default judgment, and he further contends that substantial justice does not support the granting of the motion. For the reasons outlined below, we disagree with Woker and affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4      Petitioner, Brett Woker, and respondent, Amanda McGiles, have a minor child, H.M.M., born on December 19, 2019, and have been engaged in extensive litigation since the child was six months old. On March 23, 2022, an agreed order was entered whereby the parties were granted joint decision-making authority concerning medical, educational, religious, and extracurricular activities for the minor child. Respondent was designated as the primary residential parent, and petitioner was granted, following a gradual increase in parenting time, visitation every other weekend from Friday to Sunday. Matters regarding holiday and vacation time were reserved.

¶ 5      On March 27, 2024, petitioner, through counsel David Cox, filed a petition seeking an increase in parenting time, requesting extended parenting time during the summer and alternate holidays. Petitioner contended that H.M.M. was four years old, and petitioner had a "strong track record of contact and visitation." He expressed a desire to be more involved in H.M.M.'s life. Additionally, petitioner noted that he resides three hours away from the child and sought to optimize his time with the minor.

¶ 6      Cox scheduled the hearing for August 22, 2024, and duly filed a notice of hearing. On August 7, 2024, Cox filed a motion to continue the August 22 date, asserting that petitioner was scheduled "for some very serious cardiac test" in St. Louis as part of preparations for a potential transplant. Cox requested that the matter be continued to a new date and time.

¶ 7     A docket entry dated August 20, 2024, indicates that due to no objection by counsel for respondent (Tara Grabarczyk), the hearing scheduled for August 22, 2024, was vacated and was to be rescheduled upon the request of counsel. A September 5, 2024, docket entry states that by agreement of counsel, "cause re-allotted for hearing on child support and extra expenses" on November 14, 2024, and that counsel was "given email confirmation this date."

¶ 8     On September 9, 2024, Cox filed a notice of hearing for the scheduled date of November 14, 2024, indicating that the matter was set for a hearing regarding the petition to increase parenting time. Although no report of proceedings has been provided for our review, a docket entry for November 14, 2024, indicates that petitioner was present with Cox, and neither respondent nor Grabarczyk appeared. Petitioner testified, and Cox made his recommendations. The circuit court granted Woker's petition, and the docket entry states in part, "After consideration, Court grants Petition to Increase Parenting Time. Counsel David Cox to prepare written order consisting of Courts decision relating to Summer Time, Holiday Time, and Parenting Time."

¶ 9     On November 27, 2024, Grabarczyk filed a motion to set aside the default order pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). She discussed the rescheduling of the August 22, 2024, court date due to petitioner's hospitalization and indicated that, through numerous emails, the matter was rescheduled. Grabarczyk stated that she "inadvertently miscalendared the new date to one week later than the date selected" and that, as a result, neither respondent nor Grabarczyk appeared in court. She indicated that the circuit court "learned at the start of the hearing" that Grabarczyk was out of state on that date and could not appear. Grabarczyk further stated that she emailed Cox on November 13, 2024, in anticipation of court the following week. She also asserted that Cox's representation in court on November 14, 2024, that he called Grabarczyk's office three times the week of the hearing with no response was

3

not accurate, and that he had not called her office for years. Grabarczyk pointed out that she and respondent had always participated in litigation and had not missed a court date in the past. Grabarczyk argued that default judgments may be set aside for various reasons, including a mistake, and that she had indeed made a mistake and thus requested that the order granting the increase in parenting time be vacated. She asserted that "[a]ny increase in parenting time requires the best interest of the child be considered and to do that a hearing on the merits must occur and not orders made in default." The motion was scheduled to be heard on December 18.

¶ 10    On December 16, 2024, Cox filed a motion to continue. He indicated that he was admitted to the hospital on December 14, 2024, "due to a sudden development in his medical condition." He requested that the motion to set aside the default judgment be continued. On December 17, 2024, Grabarczyk filed a response to the motion to continue, opposing it and arguing that any continuance would cause prejudice, as motions to set aside judgments must be heard within 30 days of the entry of the default order.

¶ 11    The attorneys appeared in court on December 18, 2024, with Grabarczyk present in person and Cox attending via Zoom from the hospital. Grabarczyk stated that she accepted full responsibility for scheduling the hearing inaccurately on her calendar for the following week and explained that on the date of the hearing, she was in Indianapolis accompanying her daughter's high school band. Grabarczyk emphasized that her absence from court was not habitual. She asserted that her motion was based on both section 2-1301(e) and section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1301(e), 2-1401 (West 2022)). Regarding section 2-1301, she noted that it permits the court, at its discretion before a final order is issued, to set aside any default upon a motion filed within 30 days. She argued that this section is very liberal and "leans toward the Court setting aside default orders with very few requirements." She further contended that it is

in the best interest of the child, as well as in pursuit of substantial justice, that "we don't have default orders in parenting matters." As to section 2-1401, she asserted that it too applied because mistake, inadvertence, or excusable neglect allows for the vacatur of a default judgment.

¶ 12    In response, Cox initially expressed his displeasure at being "drawn into a hearing" while hospitalized. He further stated that Grabarczyk "lied" in her petition by claiming that no one from his office had contacted her office, asserting that he possessed telephone records to substantiate his communication and that office staff could testify accordingly. He contended that the hearing scheduled for November 14, 2024, was not a default judgment, as the docket entry does not indicate such. He also noted that he had requested permission to prove up his motion, and "[w]e had a trial," but the opposing side did not appear, resulting in the "Court awarded the relief requested by my client."

¶ 13    He further maintained that Illinois Supreme Court Rule 272 (eff. Jan. 1, 2018) specifies that if, after announcing its decision, a judge requires the submission of an order, the "judgment becomes final only when the signed judgment is filed." Cox pointed out that there had not been a signed judgment entered due to his illness and that there is "no order to set aside." He argued that *In re Marriage of Stone*, 158 Ill. App. 3d 708 (1987), is applicable, which stated that a motion to set aside an order was premature when the order had not yet been filed. He additionally argued that an attorney's mistake is not grounds to set aside a judgment.

¶ 14    In rebuttal, Grabarczyk argued that what occurred on November 14, 2024, was "the legal definition of default" when Cox proceeded to hearing in her absence. She further asserted that the docket entry made on November 14 was a court order and that it had not been put into writing due to Cox's delay. The circuit court took the matter under advisement.

5

¶ 15 On January 2, 2025, the circuit court issued a written order. It referenced Rule 272, which indicates that if a court requires a prevailing party to submit a written order, the judgment does not become final until the signed judgment is filed. Ill. S. Ct. R. 272 (eff. Jan. 1, 2018). It noted that, as of the date of the hearing on the motion to set aside the default order, no written order had been submitted. It discussed *Stone*, wherein the appellate court remarked in *dicta* that the appellant's motion to set aside the default order was premature because no written order had been entered. It then examined section 2-1301, which permits the court, at its discretion, to vacate any default before the final order or judgment if a motion is filed within 30 days. The court observed that trial courts "should be liberal in setting aside default orders when it appears that substantial justice will be promoted" and emphasized that each case must be evaluated based on its individual facts. The court acknowledged that Grabarczyk mis-calendared the hearing date but was present and participated in all previous court proceedings. It recognized "that mis-calendaring a hearing date is something that can happen to all attorneys during the course of their practice." Additionally, it noted that the decision regarding the "best interests of a minor child is best made after a full hearing on the merits." Based on the foregoing considerations, the court granted the motion to set aside the default judgment.

¶ 16 On January 30, 2025, Woker timely filed a notice of appeal.

¶ 17                                    II. ANALYSIS

¶ 18 On appeal, Woker initially contends that a motion to set aside a judgment pursuant to section 2-1301 is not intended "to excuse parties from the consequences of their attorney's negligence, mistake, or ignorance." He further argues that McGiles lacked diligence in responding to the default judgment, asserting that the motion to set aside the default judgment was not filed until November 27, 2024, "nearly two weeks after the default judgment was entered." Woker also

contends that substantial justice does not justify setting aside the judgment, asserting that he adhered to appropriate procedures and that vacating the matter due to Grabarczyk's negligence would unjustly prejudice him. He maintains that the liberal policy of vacating default judgments is not applicable in this case. Consequently, he requests that the decision to set aside the default judgment be reversed.

¶ 19 In response, Grabarczyk asserts that she filed the motion to set aside default judgment within 30 days of the entry of the default order, as mandated by section 2-1301. She emphasizes that there is no restriction or prohibition for a court to set aside a default order based on an attorney's negligence. She states that the circuit court did not make any findings or rulings "that negligence or lack of diligence occurred in this matter." She contends that there is no evidence in the record to support a claim that the court abused its discretion by granting the motion to vacate. She highlights that the court determined a full hearing on the merits was necessary to ascertain the best interests of the child.

¶ 20 Additionally, Grabarczyk requests that we order Woker to pay her attorney fees pursuant to Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994), asserting that this appeal is frivolous. She maintains that the circuit court possessed broad discretion to set aside a default judgment and that Woker failed "to provide any legal reasoning that the trial court's order should be overturned." Furthermore, she asserts that section 508(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/508(a)(3) (West 2024)) permits the imposition of attorney fees and seeks the amount of $1,200. She requests that we affirm the circuit court's decision to grant the motion to vacate and that we order Woker to pay attorney fees of $1,200 as a deterrent against frivolous litigation. For the reasons that follow, we affirm.

¶ 21    The judgment in question was entered through a docket entry on November 14, 2024, which indicated that Cox was to submit a written order. However, within two weeks thereafter, and before the entry of a written order, Grabarczyk filed her motion to set aside the default judgment. During the hearing on the motion to set aside the default judgment, Cox pointed out that Rule 272 had not been complied with, which states that when the circuit court requires the submission of a written order, the judgment does not become final until such order is signed and filed. Ill. S. Ct. R. 272 (eff. Jan. 1, 2018). The purpose of this rule is "to establish a uniform date for determining when judgments are considered entered. Moreover, the courts have interpreted the Rule as meaning that the record date is the controlling date for the entry of *all* judgments." (Emphasis in original.) *People v. Perez*, 2014 IL 115927, ¶ 17. Although Woker argued this point during the hearing in the circuit court, and the court addressed the Rule in its written order, he did not raise Grabarczyk's noncompliance or argue its applicability in his brief. Illinois Supreme Court Rule 341 mandates that the argument section of a brief shall contain all contentions of the appellant, and "[p]oints not argued are forfeited." Ill. S. Ct. R. 341(h)(7) (eff Oct. 1, 2020). Since Woker did not argue the issue of noncompliance with Rule 272 on appeal, this issue is forfeited, thus requiring us to directly proceed to the issue of granting the motion to set aside the default judgment.

¶ 22    Grabarczyk argued her motion to set aside default judgment, which the circuit court granted, under section 2-1301. This section provides, in part: "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2022). "[T]he standard in reviewing the trial court's decision is whether that decision constitutes an abuse of discretion ***." *In re Marriage of Ward*,

8

282 Ill. App. 3d 423, 433 (1996). " '[A]n abuse of discretion occurs where the trial court's decision is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it.' " *People v. McGath*, 2017 IL App (4th) 150608, ¶ 55 (quoting *People v. McDonald*, 2016 IL 118882, ¶ 32).

¶ 23    The circuit court articulated in a written order its reasoning for granting the motion to set aside the default judgment. It indicated that Grabarczyk had mis-calendared the hearing date and that such mis-calendaring can occur to any attorney in the course of their practice. Furthermore, it emphasized that decisions concerning the best interests of a child are best determined after a full hearing on the merits. We agree with the circuit court on both points.

¶ 24    We acknowledge that attorneys have historically mis-calendared court dates and will continue to do so. When such oversights are infrequent, as observed in the present case, they can lead to significant injustice for the client. The circuit court explicitly observed that "the Respondent has been present and participated in all previous hearings." In essence, McGiles and Grabarczyk were actively involved in the case, and their absence was an anomaly. "[T]he overriding consideration is whether substantial justice was done among the parties and whether it is now reasonable, under the circumstances, to force the other side to go to trial on the merits. [Citation.] In making this determination, a trial court must consider all the events leading up to the entry of the order or judgment at issue." *McNulty v. McNulty*, 2022 IL App (1st) 201239, ¶ 43. The circuit court adhered to this principle by recognizing the active participation of McGiles and Grabarczyk in the case, as well as their attendance at all prior court appearances leading up to the entry of the default order. Penalizing McGiles for what appears to be an honest, one-time mistake by Grabarczyk does not serve the interests of substantial justice.

9

¶ 25    Furthermore, as previously stated, the circuit court considered that Woker's underlying petition was a modification of a parenting time issue. Such modifications are governed by section 610.5 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/610.5 (West 2022)), which requires, in part, that the circuit court consider the child's best interests when deciding whether to grant a modification. "The determining factor in custody disputes is the best interest of the child. In the absence of an agreement between the parties, a hearing by the court, with evidence by all sides being presented and considered, is necessary." *In re Marriage of Staszak*, 223 Ill. App. 3d 335, 341 (1991). There are 17 enumerated factors for courts to evaluate regarding the child's best interests, and having the opportunity to hear all relevant evidence is most beneficial for the child's welfare. "[T]he primary consideration is the best interest and welfare of the children involved." *In re Marriage of Lonvick*, 2013 IL App (2d) 120865, ¶ 33. Ensuring both parties have the opportunity to present their case at trial on this matter promotes the consideration of the best interest factors and furthers substantial justice.

¶ 26    Woker contends that Grabarczyk was not diligent in filing her motion to vacate default judgment, claiming that it took her two weeks after the docket order to file it. This contention is without merit. Section 2-1301 mandates that such a motion must be filed within 30 days of the entry of the order. 735 ILCS 5/2-1301(e) (West 2022). "A motion to vacate is timely if made within 30 days of the order to be vacated." *Enblom v. Milwaukee Golf Development*, 227 Ill. App. 3d 623, 631 (1992). Grabarczyk demonstrated diligence by filing her motion well within the prescribed period.

¶ 27    "The law prefers that controversies be determined according to the substantive rights of the parties. [Citation.] The provisions of the Code of Civil Procedure governing relief from defaults are to be liberally construed toward that end." *In re Haley D.*, 2011 IL 110886, ¶ 69. Here,

10

substantial justice was achieved by vacating the default order. Grabarczyk acknowledged her fault for missing the court proceedings and did not attribute blame to any other party. This oversight can occur among attorneys; however, it appears to be uncharacteristic of Grabarczyk. Furthermore, the default order concerned the modification of parenting time, which requires the overriding consideration to be the best interests of the child. Making such determinations based on a default basis undermines the importance of ensuring that all of the relevant information is adequately considered to evaluate the statutory best interest factors. Based on the foregoing, we find that the circuit court did not abuse its discretion by granting the motion to set aside default judgment.

¶ 28    We next address Grabarczyk's request that we award her $1,200 in attorney fees pursuant to Rule 375(b), which states:

> "If, after consideration of an appeal or other action pursued in a reviewing court, it is determined that the appeal or other action itself is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such purpose, an appropriate sanction may be imposed upon any party or the attorney or attorneys of the party or parties. An appeal or other action will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. An appeal or other action will be deemed to have been taken or prosecuted for an improper purpose where the primary purpose of the appeal or other action is to delay, harass, or cause needless expense." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

11

¶ 29    " 'The imposition of Rule 375 sanctions is left entirely to the discretion of the reviewing court.' " *Fairfield Homes, Inc. v. Amrani*, 2023 IL App (1st) 220973, ¶ 47 (quoting *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 87). Grabarczyk asserts that this appeal is frivolous because Woker's brief failed to provide any "legal reasoning that the trial court's order should be overturned." " '[T]he appeal is considered frivolous if it would not have been brought in good faith by a reasonable, prudent attorney.' " *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 62 (quoting *Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.*, 203 Ill. App. 3d 304, 312 (1990)). Woker presented case law and argument in support of his contention that the circuit court abused its discretion. There is nothing contained in his brief or contentions that would not have been brought in good faith by a reasonable attorney. While we affirm the circuit court's judgment, Woker's appeal does not rise to the level of frivolousness. Consequently, we deny Grabarczyk's request for the imposition of attorney fees under Rule 375.

¶ 30    Grabarczyk also requests attorney fees pursuant to the Illinois Marriage and Dissolution of Marriage Act, which provides for the imposition of attorney fees for "[t]he defense of an appeal of any order or judgment under this Act, including the defense of appeals of post-judgment orders." 750 ILCS 5/508(a)(3) (West 2024). However, we lack jurisdiction to award attorney fees under this provision. The matter of attorney fees under this section must be raised in the trial court. *In re Marriage of Baylor*, 324 Ill. App. 3d 213, 216 (2001). Accordingly, we deny the request for the imposition of attorney fees.

¶ 31                                III. CONCLUSION

¶ 32    For the foregoing reasons, we affirm the Piatt County circuit court's decision to grant the motion to set aside default order.

12

¶ 33    Affirmed.